(8 Misc. Rep. 593.)

### PEOPLE ex rel. NOONAN v. CORWIN, Comptroller.

(City Court of Brooklyn, Special Term.    May 24, 1894.)

1. MUNICIPAL CORPORATIONS—SALARIES OF CLERKS—INCREASE.
   Brooklyn City Charter, tit. 3, § 1, authorizes heads of departments to fix the salary of clerks. Title 2, § 18, provides that the board of estimate shall fix a certain amount for each department for the ensuing year. *Held,* that the head of a department may raise the salary of a clerk at any time, so long as he keeps the expenses of his office within the amount allowed by the board of estimate.

2. SAME—EXTRA SERVICES.
   Where the head of a department determines that certain copying clerks shall be paid by the folio, instead of the salary theretofore received by them, and, by working out of office hours, they earn more than their salaries, such additional amount is an increase of salary, and not for extra services.

Application by William T. Noonan for a writ of mandamus to Halsey Corwin, comptroller, to compel the signing of a warrant payable to the order of relator. Granted.

Johnson & Lamb, for relator.
A. G. McDonald, for respondent.

CLEMENT, C. J. The relator applies for a writ of mandamus compelling the respondent to sign a warrant to the order of relator, as compensation for extra services performed by him in the department of assessment, in June and July, 1893. His claim is not in conflict with the rules of the civil service commission. It must be assumed, as a general principle of law, that an officer in the employ of the city, receiving a fixed salary, cannot be paid for extra work, even though performed after office hours. The claim of the relator was submitted by the comptroller to the former corporation counsel, who held that the same could not be paid. As I understand, it was submitted to him as a claim for extra pay only, and he very properly followed the rule of law before stated, and recommended its disallowance. It now appears that the claim is not for extra pay, but for payment of an increase of salary which was allowed by the president of the department of assessment before the performance of the work. It therefore follows

that my conclusion in this matter in no wise overrules the opinion of Mr. Jenks. On the contrary, I hold that he was right, on the facts before him.

Under the charter of this city (title 3, § 1), heads of departments may appoint and remove their clerks, assistants, and other subordinates, "and fix their salaries." By section 18 of title 2, the board of estimate fixes a certain amount to be raised for the use of each of the several departments for the ensuing year. If the board sees fit to itemize the account, the head of department is not bound to make his salary list and expenses conform to such items, but each head must see that the total expense of his department does not exceed the amount fixed by the board of estimate. There is no time named in the charter when the head of department shall fix the salaries for his clerks and subordinates. I see no legal reason why the president of the department of assessment may not increase the salaries of his clerks during the months of July and August, or during any other month of the year, provided he keeps the expenses of his office for the year within the amount allowed by the board of estimate. It is clear that the work of copying the tax rolls should be performed by men who are familiar with books of that description, and who can be trusted. If this application should be denied, I infer that the work for the coming year will have to be performed by extra clerks, who are appointed for a period of only 30 or 60 days, and who have had no experience in work of that kind. It might result, if the rolls are copied by an unskilled force of clerks, that the tax levy, or a portion of it, for the year 1894, would be in peril. The rule of law that an employé of the city who receives a fixed salary cannot be paid for extra services has no application to the facts of this case. The president of the assessment department had the power to and did increase the salaries of the clerks employed in copying the tax rolls. He determined that, for such employment, they should be paid at the rate of 10 cents per folio, and that their salaries should be increased by the amount they earned while so employed. The motion for a writ of peremptory mandamus is granted, without costs.